# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AMANDA ARROYO** ) | CASE NO. |
| c/o her attorneys Tittle & Perlmuter ) | |
| 4106 Bridge Avenue ) | JUDGE |
| Cleveland, OH 44113 ) | |
| ) | |
| On behalf of herself and all others ) | **PLAINTIFF'S CLASS AND** |
| similarly situated, ) | **COLLECTIVE ACTION COMPLAINT** |
| ) | **UNDER THE FAIR LABOR** |
| Plaintiff, ) | **STANDARDS ACT AND STATE LAW** |
| ) | **WITH JURY DEMAND** |
| v. ) | |
| ) | |
| **PROGRESSIVE QUALITY CARE,** ) | |
| **INC.** ) | |
| c/o Statutory Agent DHP Landerbrook, Inc., ) | |
| 6105 Parkland Boulevard ) | |
| Suite 100 ) | |
| Cleveland, OH 44124 ) | |
| ) | |
| and ) | |
| ) | |
| **PROGRESSIVE NORTH RIDGEVILLE,** ) | |
| **LLC** ) | |
| c/o Statutory Agent DHP Landerbrook, Inc., ) | |
| 6105 Parkland Boulevard ) | |
| Suite 100 ) | |
| Cleveland, OH 44124 ) | |
| ) | |
| Defendants. ) | |

Plaintiff Amanda Arroyo ("Plaintiff"), through counsel, for her Class and Collective Action Complaint against Defendants Progressive Quality Care, Inc. and Progressive North Ridgeville, LLC (collectively "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendants' practices by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Ohio' overtime compensation statute, Ohio Rev. Code. Ann. § 4111.03, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons (the "Class Members"), defined herein, who assert factually-related claims under Ohio's overtime compensation statute and Prompt Pay Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Amanda Arroyo was a citizen of the United States and a resident of Lorain County, Ohio.

8. At all times relevant, Defendant Progressive North Ridgeville, LLC, ("PNR") was and is an Ohio corporation that owned and operated its business, a skilled nursing, long-term care, and rehabilitation facility known as Avenue at North Ridgeville Care and Rehabilitation Center ("Avenue at North Ridgeville") at 6200 Lear Nagle Road, North Ridgeville, Ohio 44039. According to records maintained by the Ohio Secretary of State, PNR's statutory agent for service of process is DHP Landerbrook, Inc., 6105 Parkland Boulevard, Suite 100, Cleveland, Ohio 44124.

9. At all relevant times, Defendant Progressive Quality Care, Inc., ("PQC") was and is a domestic corporation and, according to records maintained by the Ohio Secretary of State, its principal place of business is located in Parma, Ohio. It conducts business through its operational/managerial control and, through its leadership's direct/indirect operation and ownership of 12 skilled nursing, long-term care, and rehabilitation facilities throughout Ohio, including facilities in this district and division. Those facilities, including Avenue at North Ridgeville, are referred to collectively as "PQC Facilities" hereinafter. According to records maintained by the Ohio Secretary of State, PQC's statutory agent for service of process is DHP Landerbrook, Inc., 6105 Parkland Boulevard, Suite 100, Cleveland, Ohio 44124.

## FACTUAL ALLEGATIONS

### Defendants' Status as "Employers" of Plaintiff and those Similarly Situated

10. Defendant PNR was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D)(2) as it is listed as Amanda Arroyo's employer on her W-2.

11. Defendant PQC was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D)(2) in that it had authority to, and did in fact, promulgate work rules, payroll rules, and assignments and to set the employees' conditions of employment.

12. Defendants were both "employers" of Plaintiff, the Potential Opt-Ins, and the Potential Class Members pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that they "act[ed] directly or indirectly in the interest of an employer in relation to . . . employee[s]," including Plaintiff, the Potential Opt-Ins, and the Class Members.

13. At all times relevant, Defendants were, individually and jointly, an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendants' Joint Enterprise of Nursing Home Ownership/Operation and Formation of an Integrated Enterprise

14. Defendant PQC operates as a common business enterprise by directly and indirectly owning, operating, and managing, including through its affiliates and subsidiaries, twelve skilled nursing and rehabilitation centers throughout Ohio, such as Defendant PNR. Those facilities consist of Avenue at North Ridgeville, Avenue of Macedonia, Avenue at Aurora, Avenue at Lyndhurst, Avenue Care and Rehabilitation Center (located in Warrensville Heights), Avenue at Wooster, Avenue at Broadview Heights, Avenue at Medina, Avenue at Brooklyn,

4

Parma Care Center, Green Meadows Skilled Nursing and Rehab, and Strongsville Health and Rehabilitation.

15. According to its LinkedIn profile page, PQC is a "family-owned business founded by Rose and Hugo Dancziger,"[1] the grandparents of its current Chief Executive Officers Eitan Flank and Chief Operating Officer Shaul Flank.[2]

16. As described below, the 12 PQC Facilities are all also owned and operated by Defendant PQC, its leadership, including Chief Operating Officer Shaul Flank, Chief Executive Officer Eitan Flank, and Corporate Director of Financial Operations Dan Shiller, and the family members of its chief operating and executive officers, Joel Sausen, Liat Flank, and Matan Flank.

17. For instance, PNR's Managing Member is PQC CEO Eitan Flank.

18. Moreover, PQC represents to the federal Centers for Medicare and Medicaid Services ("CMS") that it, along with its officers, own and exercise operational/managerial control over Avenue at North Ridgeville, as shown in the screenshot from CMS' "Nursing Home Compare" website below:

Owners and managers of Avenue at North Ridgeville

OWNER
5% or greater direct ownership interest

COLONNA, JULIAN (25%)
since 06/15/2018
COLONNA, VITO (25%)
since 06/15/2018
FLANK, EITAN (8%)
since 06/15/2018
FLANK, LIAT (8%)
since 06/15/2018
FLANK, MATAN (8%)
since 06/15/2018
FLANK, SHAUL (8%)
since 06/15/2018

OPERATIONAL/MANAGERIAL CONTROL

PROGRESSIVE QUALITY CARE INC
since 06/15/2018

---

[1] https://www.linkedin.com/company/progressive-quality-care/.
[2] https://www.medinacountylife.com/communities/the-avenue-at-medina-hosts-open-house-by-angela-huston/article_aae70067-294e-5eb1-a84a-ac9d17c45a64.html.

5

19. PQC and its owners/officers similarly operate the other PQC Facilities. PQC submitted mandatory filings with CMS stating that it has operational/managerial control at Avenue of Macedonia, Avenue at Aurora, Avenue at Lyndhurst, The Avenue Care and Rehabilitation Center (located in Warrensville Heights), Avenue at Wooster, Avenue at Broadview Heights, Avenue at Medina, Avenue at Brooklyn, Parma Care Center, Green Meadows Skilled Nursing and Rehab, and Strongsville Health and Rehabilitation.

20. Those same filings state that the owners and officers of PQC are owners and/or operators of Avenue of Macedonia, Avenue at Aurora, Avenue at Lyndhurst, The Avenue Care and Rehabilitation Center (located in Warrensville Heights), Avenue at Wooster, Avenue at Broadview Heights, Avenue at Medina, Avenue at Brooklyn, Parma Care Center, Green Meadows Skilled Nursing and Rehab, and Strongsville Health and Rehabilitation.

21. All 12 PQC Facilities are listed on PQC's website:[3]

---

[3] https://www.progressivequalitycare.com/.



HOME / OUR MISSION / LEADERSHIP / CAREERS / GLOSSARY OF TERMS / CONTACT US



425 South Chillicothe Road
Aurora, OH 44202
Tel: (330) 995-0094
Fax: (330) 995-0407
www.AvenueAtAurora.com

CONTACT US



1201 Akins Road
Broadview Heights, OH 44147
Tel: (440) 457-2900
Fax: (440) 457-2530
www.AvenueAtBroadviewHeights.com

CONTACT US



4700 Idlewood Drive
Brooklyn, OH 44144
Tel: (216) 465-3770
Fax: (216) 465-3880
www.AvenueAtBrooklyn.com

CONTACT US



5442 Rae Road
Lyndhurst, OH 44124
Tel: (440) 646-8448
Fax: (440) 684-9135
www.AvenueAtLyndhurst.com

CONTACT US



9730 Valley View Road
Macedonia, Ohio 44056
Tel: (330) 748-8800
Fax: (330) 908-1261
www.AvenueAtMacedonia.com

CONTACT US



699 East Smith Rd
Medina, OH, 44256
Tel: (330) 721-7001
Fax: (330) 721-2366
www.AvenueAtMedina.com

CONTACT US



22. PQC's website also posts open job positions at all 12 PQC Facilities:



### Defendants' Failure to Pay Required Compensation

23. The FLSA and Ohio law require covered employers to pay non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

24. Plaintiff, the Potential Opt-Ins, and the Class Members were all non-exempt from overtime pay under 29 U.S.C. § 207 and Ohio Rev. Code Ann. § 4111.03.

25. Plaintiff, the Potential Opt-Ins, and all Class Members frequently worked more forty hours per week, entitling them to overtime compensation under the FLSA and Ohio law.

26. Unless excludable under 29 U.S.C. § 207(e), employers must include "all remuneration for employment paid to, or on behalf of, the employee" in calculating an employee's regular rate of pay.

27. Defendants regularly and systematically failed to include all forms of compensation in calculating the regular rate of pay and overtime premium calculations for Plaintiff, the Potential Opt-Ins, and the Class Members.

28. Defendants' practice of miscalculating employees' regular rate of pay had the effect of circumventing the payment of proper overtime compensation, and is provable by examining the affected employees' payroll records and data.

### Defendants Unlawfully Calculated Overtime Premiums Using a "Regular Rate" Failed to Account for all Non-Excludable Forms of Compensation

29. At all times relevant, the Plaintiff, the Potential Opt-Ins, and the Class Members received various types of compensation for their work.

30. Those types of compensation included, but were not limited to:

    (a) A base hourly wage;

(b) Hourly shift differentials during specified hours; and

(d) Bonuses for picking up certain extra shifts.

31. All of the types of compensation listed in Paragraph 30 must be included in calculating an employee's "regular rate of pay." Defendants engaged in a pattern, practice, or policy of violating the FLSA with respect to Plaintiff by failing to include one or more of these forms of payment in calculating Plaintiff's regular rate of pay under 29 U.S.C. § 207 and O.R.C. § 4111.03.

32. Defendants regularly and systematically failed to include all non-excludable compensation in determining the regular rate of pay of Plaintiff, the Potential Opt-Ins, and the Class Members.

33. Plaintiff's timesheets and pay stubs illustrate this practice. By way of example, Plaintiff's pay advice dated November 17, 2023 (depicted below), for the biweekly pay period of October 29, 2023 to November 11, 2023, reflects an overtime rates of $35.30 for the first week in that pay period and $35.95 for the second week in that pay period:

| #56543 - Amanda Arroyo NRIDGEVILLE | | | Voucher #(235106) | | Pay Date: 11/17/2023 Pay Period: 10/29/2023-11/11/2023 | | |
|---|---|---|---|---|---|---|---|
| **Earnings** | | | | **Net Pay** | | 2,247.88 | 12,931.20 |
| | Rate | Hours | Current | YTD | Checking (5009) | 2,247.88 | 12,931.20 |
| AttBonus | | | | 1,011.74 | | | |
| Bereaveme | | | | 702.00 | | | |
| ClaimPayr | | | 615.36 | 4,769.04 | | | |
| PickUpBor | | | 64.00 | 232.00 | **Company Paid Benefits** | | |
| Regular | 23.20 | 80.00 | 1,856.00 | 10,540.90 | | Current | YTD |
| RetroPay | | | | 181.13 | FUTA | | 42.00 |
| ShiftDiff | 2.00 | 99.50 | 199.00 | 1,068.00 | FICA | 125.96 | 602.78 |
| WA Holida | | | | 359.56 | MEDI | 29.46 | 140.97 |
| WA OT | 35.30 | 7.75 | 273.58 | 1,350.02 | SUTA:OH | 30.11 | 207.00 |
| WA OT | 35.95 | 10.50 | 377.48 | | Total | 185.53 | 992.75 |
| **Gross Pay** | | | 2,770.06 | 15,445.35 | | | |
| Hours Paid | | 197.75 | | | **Tax Allowance Settings** | | |
| | | | | | Federal: | Single/Married Filing Sep | |

34. The week of October 29, 2023, Plaintiff worked 47.75 hours, all of which were subject to her $23.20/hr. base hourly rate and her $2/hr. shift differential, meaning that her

10

overtime rate of pay should have been $37.80 for that week – $2.80 more than the rate at which she was paid. Hence, her overtime wages were $19.37 short that week.

35. The week of November 5, 2023, Plaintiff worked 50.5 hours, all of which were subject to her $23.20/hr. base hourly rate and her $2/hr. shift differential. In addition, she received $64 that week in bonus pay for picking up two shifts, meaning that her overtime rate should have been $39.70 – $3.75 more than the rate at which she was paid. Hence, her overtime wages were $39.37 that week.

36. Every week, among the over 1,000 hourly employees working at PQC Facilities, through the practices described above, Defendants unlawfully withheld and pocketed many thousands of dollars due and owing to those employees.

**Defendants Acted Willfully or With Reckless Disregard**

37. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Class Members were entitled to overtime compensation at one and one-half times their regular rate under federal and state law or acted in reckless disregard for whether they were so entitled.

38. Defendants were further aware that federal and state law required them to include the above-referenced non-discretionary bonuses and shift differentials in calculating the regular rate of pay for Plaintiff, the Potential Opt-Ins, and the Class Members' regular rate of pay when determining the proper overtime rate.

39. In fact, Defendants had a line item on their paystubs for weighted overtime average, confirming that they knew that these types of remuneration wages, and not just employees' base hourly rate, had to be incorporated in overtime rates.

40. Despite clear awareness of the applicable law, Defendants failed to actually pay

11

employees their appropriate weighted overtime average rate of pay, and failed to institute policies and procedures that ensured that employees were paid for all hours worked at the correct rate of pay.

## **COLLECTIVE ACTION ALLEGATIONS**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All current and former non-exempt employees at Defendants'
> PQC Facilities during the three years preceding the commencement
> of this action to the present who, in any workweek (a) worked overtime hours,
> and (b) received remuneration in excess of their base hourly rate

43. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that they were all subject to Defendants' unlawful pay practices, all were injured by those practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorney's fees, and costs.

44. Court facilitated notice of this action to other employees who are "similarly situated" to Plaintiff as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in." Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

45. Plaintiff cannot yet state the exact number of similarly situated persons, but upon information and belief, there are over one thousand such persons. The identity of such persons, as well as their damages, are readily identifiable through the records Defendants have

maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this case on behalf of herself and other members of a proposed class, defined as:

> All current and former non-exempt employees at Defendants'
> PQC Facilities during the two years preceding the commencement
> of this action to the present who, in any workweek (a) worked overtime hours,
> and (b) received remuneration in excess of their base hourly rate

48. The class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one thousand persons. The number of Class Members as well as their identities are ascertainable from records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

49. There are questions of law or fact common to the class, including but not limited to whether Defendants paid Plaintiff and other Class Members at time-and-a-half their regular rate of pay for all overtime hours.

50. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

51. Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other

Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

52. The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole and predominate over any questions affecting only individual Class Members.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all Class Members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself, as well as Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached.

56. The FLSA required Defendants to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek, or,

in the alternative, for all hours worked over eight in any workday and eighty hours in the fourteen-day period. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117 & 778.601.

57. As more fully described above, Defendants improperly excluded several forms of compensation from the "regular rate," circumventing proper overtime compensation to Plaintiff and the Potential Opt-Ins.

58. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

59. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court . . . shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violation)

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself and the Class Members.

62. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

63. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay proper overtime compensation to Plaintiff and the Class Members at one and one-half times their regular rate.

64. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

65. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**COUNT THREE**
**(Ohio Prompt Pay Act Violations)**

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67, Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

68. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Class Members, entitling Plaintiff and the Class Members to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

    A.    Certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them

of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the proposed class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class Members;

D. Award declaratory relief in favor of Plaintiff and other class members as herein requested;

E. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/Scott D. Perlmuter
Scott D. Perlmuter (0082856)
Kathleen R. Harris (0088079)
Tittle & Perlmuter
4106 Bridge Avenue
Cleveland, OH 44113
Ph.: 216-285-9991
Fax: 888-604-9299
scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)