UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA ARROYO, on behalf of herself and all others similarly situated, | ) ) ) | Case No. 1:24-cv-00693 |
| Plaintiff, | ) ) ) | JUDGE DAN A. POLSTER |
| vs. | ) ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| PROGRESSIVE QUALITY CARE, INC., et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of Collective Action Settlement and pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve as fair and reasonable the proposed settlement reached by the Parties and memorialized in the Collective Action Settlement Agreement and Release, which is attached to the Joint Motion.

Having reviewed the Joint Motion and its exhibits, the Collective Action Settlement Agreement, the proposed Notice to Potential Opt-Ins, the Declarations of Scott Perlmuter and Hans Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, and in doing so, the Court approves the Collective Action Settlement Agreement, the proposed Notice, the proposed Consent Form, the proposed allocation and calculation of payments, and the proposed attorneys' fees and expense reimbursements to Class Counsel as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and under Ohio state law, on behalf of current and former non-exempt State Test Nursing Aides working at facilities operated by Progressive North Ridgeville, LLC, Progressive

1

Aurora, LLC, Progressive Broadview Heights, LLC, Progressive Brooklyn, LLC, Progressive Interchange, LLC, Progressive Lyndhurst, LLC, Progressive Macedonia, LLC, Progressive Medina, LLC, Progressive Parma Care, LLC, Progressive Strongsville, LLC, and Progressive Wooster, LLC who were allegedly not paid all compensation, including overtime compensation at the rate of one and one-half their regular rate of pay for all hours they allegedly worked over forty (40) each workweek.

2. On April 17, 2024, Plaintiff Amanda Arroyo filed this Action as a collective action under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 asserting violations of the FLSA and Ohio law of quasi-contract based on Defendants' alleged failure to pay non-exempt State Tested Nursing Aides ("STNAs"), including Plaintiff Arroyo, all overtime hours at the requisite regular rate of pay to which they were allegedly entitled.

3. On May 3, 2024, Plaintiff Elizabeth Dorn filed an action as a collective action under the FLSA asserting violations of the FLSA based on Defendant Progressive Quality Care, Inc.'s alleged failure to pay non-exempt STNAs, including Plaintiff Dorn, all compensation to which they were allegedly entitled.

4. On September 27, 2024, these two cases were consolidated in order to effectuate a global settlement of both lawsuits.

5. Since the filing of this Action, the Parties engaged in an informal exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims. This included an exchange of all relevant payroll and time records for Plaintiffs and all STNAs.

6. The Parties engaged in extensive factual and legal discussion and correspondence surrounding Plaintiff's theories, the propriety of class and/or collective action treatment, and

Defendants' defenses whereby the Parties provided legal authority and arguments on both sides, including several conferences.

7. On September 13, 2024, the Parties engaged in mediation before United States Magistrate Judge Johnathan D. Greenberg and reached an agreement to settle the Action on the terms set forth in the Collective Action Settlement Agreement, which is attached to the Joint Motion as Exhibit 1.

8. The Settlement will cover Plaintiffs Arroyo and Dorn, current Opt-Ins Nikita Johnson and Victoria Cressman, and all of the Potential Opt-Ins (identified in Appendix A of the Collective Action Settlement Agreement) who elect to participate in the Settlement by signing and returning Consent Forms ("Opt-Ins").

9. To receive a settlement payment, the Potential Opt-Ins must sign and return the Consent Form attached at Exhibit 2 to the Parties' Joint Motion. The Eligible Settlement Participants may return Consent Forms to Plaintiff's Counsel within thirty (30) calendar days after the mailing of the Notice. The Consent and Release Forms must be postmarked, faxed, or e-mailed to Plaintiff's Counsel within the thirty (30) calendar day period to be timely.

10. The Collective Action Settlement Agreement provides that, in consideration of the settlement payment, the claims of the Plaintiffs Arroyo and Dorn, current Opt-Ins Johnson and Cressman, and Potential Opt-Ins who elect to participate in the settlement by signing and returning Consent Forms are to be dismissed with prejudice.

11. The Court finds that the proposed settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the settlement resulted from arms'-length negotiations between experienced counsel after substantial investigation and was facilitated during mediation conducted by United States Magistrate Judge

Johnathan D. Greenberg. Plaintiffs' Counsel has informed the Court that he believes the settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs, the current Opt-Ins, and Potential Opt-Ins. The Court has considered all relevant facts, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the settlement; and the experience and views of counsel for the Parties.

12. The Court approves the settlement, including the Collective Action Settlement Agreement, the proposed Notice, the proposed Consent Form, and orders that the settlement be implemented according to the terms and conditions of the Collective Action Settlement Agreement and as directed herein. The Court grants final approval of the settlement as to the Plaintiff and all Opt-Ins who elect to participate in the settlement by signing and returning a Consent Form.

13. The Court finds that the proposed allocation and calculation of the individual payments to Plaintiffs Arroyo and Dorn, current Opt-Ins Johnson and Cressman, and the Potential Opt-Ins are fair and reasonable. The Court approves the method of calculation and proposed distribution of the individual payments. The Parties have submitted with the Collective Action Settlement Agreement an Appendix providing the names of the Plaintiff and the Potential Opt-Ins.

14. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Collective Action Settlement Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Class Action Settlement Agreement.

15. The Court approves the payment of the additional Service Awards to Plaintiffs Amanda Arroyo and Elizabeth Dorn, which constitutes an award for serving as the representative plaintiff in this Action and constitutes additional consideration for the promises made by Ms. Arroyo and Ms. Dorn in the Collective Action Settlement Agreement. Further, the Court orders

that such Settlement Payment be distributed in the manner, and subject to the terms and conditions, set forth in the Collective Action Settlement Agreement.

16. The Court dismisses the claims of Plaintiffs Arroyo and Dorn, current Opt-Ins Johnson and Cressman, and Potential Opt-Ins who sign and return Consent Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

17. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Opt-Ins, and the distribution process.

**SO ORDERED:**

Date: __11/19/2024_____       _____
                                  Honorable Dan A. Polster
                                  United States District Judge

**SO STIPULATED:**

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
TITTLE & PERLMUTER
4106 Bridge Avenue
Cleveland, Ohio 44113
Telephone: (216) 222-2222
scott@tittlelawfirm.com

*Plaintiff's Counsel*